UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| vs. § | CR. NO. C-04-605 |
| § | |
| ARNOLD ANTHONY MIRELES, § | |
| Defendant. § | |

## ORDER DENYING MOTION FOR A NEW TRIAL AND FOR PREPARATION OF THE TRIAL TRANSCRIPT WITHOUT COST

On January 7, 2005, a jury found that Mireles twice committed the offense of possession of marihuana with the intent to deliver it (D.E. 36). On January 18 2005, after retaining new counsel, defendant timely filed a motion for new trial (D.E. 40). Fed. R. Crim. P. 33.

A court may grant a new trial if required in the interests of justice. Fed. R. Crim. P. 33; *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997). Motions for new trial are "not favored and are viewed with great caution." *United States v. Blackthorne*, 378 F.3d 449, 452 (5th Cir. 2004) (citing *United States v. Jaramillo*, 42 F.3d 920, 924 (5th Cir. 2995)). The district court's discretion to grant a new trial should be exercised infrequently "unless warranted by 'exceptional' circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citing *United States v. Scroggins*, 379 F.3d 233, 239 (5th Cir. 2004)).

Defendant first urges a new trial because he was entitled to raise the defense of public authority, but his prior counsel did not do so. The public authority defense is an affirmative defense. *United States v. Reyes-Vasquez,* 905 F.2d 1497, 1500 n. 5 (11th Cir. 1990). In general the defendant

bears the burden of raising and pleading affirmative defenses. *See United States v. Elorduy*, 612 F.2d 986 990 (5th Cir. 1980) (affirmative defense of entrapment); *United States v. Reedy*, 304 F.3d 358, 369 (5th Cir. 2002) (affirmative defense in child pornography statutes that defendant possessed less than three images of child pornography); *United States v. Henriques*, 234 F.3d 263, 264 n. 2 (5th Cir. 2000)) (same). Affirmative defenses are waived if not raised at or before trial. *United States v. Arky*, 938 F.2d 579 (5th Cir. 1991) (affirmative defense of limitations); *United States v. Milhim*, 702 F.2d 522, 524 (5th Cir. 1983) (affirmative defense of double jeopardy). The court finds that the defendant waived his right to raise the defense of public authority because he failed to raise it at trial. Moreover, defendant failed to give the notice required by Fed. R. Crim. P. 12.3.

Even if the defense had been timely raised, it would have had no application to the facts of this case. The defense applies where a government official engages the defendant to participate in covert activity. *United States v. Spires*, 79 F.3d 464, 466 n. 2 (5th Cir. 1996). Here the defendant, a tow truck driver, was twice arrested for possession of marihuana when cars he was towing were found contain marihuana hidden inside. Defendant testified at trial that he had towed the vehicles only after Brooks County dispatchers had asked him to do so, and that he was unaware the cars contained marihuana. The central issue in the case was whether defendant had knowledge of the presence of marihuana in the cars he was towing. The defendant testified before the jury and had an unrestricted opportunity to present evidence on his theory of the case. There were no limits placed on the defendant when arguing his theory of the case to the jury. The jury choose not to believe him. He is not entitled to another bite at the apple.

Defendant's *Booker*[1] argument is also without merit.  Consistent with *Apprendi*,[2] the jury instructions in the case required proof beyond a reasonable doubt in Count one that the defendant possessed with intent to distribute less than fifty kilograms of marihuana, and in Count two that the defendant possessed with intent to distribute more than fifty kilograms of marihuana (D.E. 34).  In *Booker*, the Supreme Court determined that mandatory application of the Sentencing Guidelines offended the defendant's Sixth Amendment right to a trial by jury. 125 S.Ct. at 748-56.  As a remedial measure, the Supreme Court severed and excised 18 U.S.C. §§ 3553(b)(1) and 3742(c), thereby making application of the Sentencing Guidelines advisory.  125 S.Ct. at 757.  Because the Sentencing Guidelines are now advisory, and defendant is free to argue that the Guidelines should not be applied to his case.  A new trial is not warranted.

Defendant has failed to present any exceptional circumstances which would justify disturbing the jury's verdict.  Accordingly, defendant's motion for a new trial (D.E. 40) is denied.  Defendant's motion for preparation of the trial transcripts without cost (D.E. 47) is also denied as moot.

ORDERED this the 23rd day of June, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[1] *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005).

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).